UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LUXOTTICA GROUP S.P.A. and
OAKLEY, INC.,

    Plaintiffs,

v().                                                       Case No:  6:16-cv-729-Orl-18TBS

EZ PAWN FLORIDA, INC.,

    Defendant.
_____

## ORDER

This case comes before the Court without oral argument on Plaintiffs' Motion to Compel Production of Documents (Doc. 28). Defendant has filed a response in opposition to the motion (Doc. 31).

Plaintiffs manufacture, market and sell eyewear under the brand names Ray-Ban and Oakley (Doc. 18, ¶¶ 4, 6). Defendant operates retail pawn shops throughout the state of Florida from which it sells a broad range of largely secondhand goods (Doc. 31 at 1-2). Plaintiffs allege that between March and May 2016, investigators purchased fake Ray-Ban and Oakley sunglasses from four of Defendant's locations (Doc. 28 at 1-2). Plaintiffs bring this action for trademark infringement under the Lanham Act, 15 U.S.C. § 1125(a) (Doc. 18).

In cases involving the use of a counterfeit mark in connection with the offering for sale, sale, or distribution of goods, a plaintiff may elect to recover statutory, rather than actual damages. 15 U.S.C. § 1117(c). Statutory damages are calculated as "(1) not less than $1,000 or more than $200,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just; or (2) the court finds that

the use of the counterfeit mark was willful, not more than $2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just." Id. Plaintiffs contend that evidence of prior infringement by Defendant is admissible to show that it willfully sold counterfeit Ray-Ban and Oakley glasses (Doc. 28 at 4). In an attempt to prove that Defendant is not an innocent infringer, Plaintiffs propounded the following requests for production and received the following responses from Defendant.

**Request No. 16**: All documents reflecting or evidencing reports made to you concerning your purchase, sale or display of counterfeit products, or products bearing fake, false or infringing copyrights or trademarks, whether relating to Plaintiffs or any other third party.

**Response**: Value Pawn objects to this request and withholds production of requested documents because they are not relevant to the parties' claims and defenses. The request seeks documents involving products that do not bear plaintiffs' alleged trademarks. Subject to these objections, Value Pawn states that no documents exist that are within the scope of this request and related to plaintiffs' alleged trademarks.

**Discussion**: The scope of discovery is certainly broad. Parties "may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." FED. R. CIV. P. 26(b)(1). The federal rules "strongly favor full discovery whenever possible." Farnsworth v. Procter & Gamble Co., 758 F.2d 1545, 1547 (11th Cir. 1985). Still, discovery must be relevant. "[R]equiring relevance to a claim or defense 'signals to the court that it has the authority to confine discovery to the claims and defenses asserted in the pleadings, and signals to the parties that they have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings.'" Builders Flooring Connection, LLC v. Brown

Chambless Architects, No. 2:11CV373-MHT, 2014 WL 1765102, at *1 (M.D. Ala. May 1, 2014) (quoting GAP Report of Advisory Committee to 2000 amendments to Rule 26). "As the Advisory Committee Notes say, '[t]he Committee intends that the parties and the court focus on the actual claims and defenses involved in the action.'" Liese v. Indian River Cty. Hosp. Dist., 701 F.3d 334, 355 (11th Cir. 2012) (quoting the GAP Report).

In Playboy Enters. v. Chen, No. CV 96-3417 DDP (VAPx),1997 WL 829339, at *35 (C.D. Cal. 1997), plaintiff brought suit against defendant for allegedly infringing plaintiff's rabbit's head trademark. As proof of defendant's willfulness, plaintiff offered evidence that defendant had been sued on four prior occasions for trademark infringement and counterfeiting. Id., at *11. The court, citing Plough, Inc. v. Kreis Laboratories, 314 F.2d 635 (9th Cir. 1963), said evidence of the prior lawsuits was admissible to show the defendant had been "once caught" and was therefore, on notice of the requirements of trademark law with respect to defendant's business. Id., at 12.

Plough, was a trademark infringement case brought by the owners of Coppertone against the manufacturer of competing products bearing what plaintiff contended were confusingly similar names. The case ended with the entry of a consent judgment and permanent injunction against the defendant. Id., at 636-37. The parties returned to court on plaintiff's allegations that defendant was violating the injunction. Id., at 637. The trial court found no violation and the Ninth Circuit agreed. Id., at 638-41. In its discussion, the Ninth Circuit said "[w]e also agree with appellant that an infringer, 'once caught,' should have his conduct carefully scrutinized in any future operations so as to determine his intent in going as far as he does." Id., at 639. However, the Plough court found that the consent judgment was not evidence that defendant was "'caught' doing anything." Id. The court

explained that the consent judgment did not necessarily indicate that the defendant had actually engaged in any prior infringing conduct. Id.

If Defendant has previously been "caught" buying, displaying, or selling counterfeit products then evidence of that conduct is relevant to this controversy. But, as drafted, request 16 is overbroad because it includes documents which, if they exist, would fall well short of demonstrating that Defendant has been "once caught," or was otherwise on notice of the requirements of the Lanham Act before this case was filed. Request number 16 is simply so broad that it includes documents of marginal, if any, relevance.

The request is also overly broad because it includes documents concerning alleged acts of copyright infringement. The Court is not persuaded that unsubstantiated reports of copyright infringement are relevant to Plaintiffs' trademark counterfeiting claims. See Sony Corp. of Am. v. Universal City Studios, Inc., 464 U.S. 417, 439 and n. 19, 104 S.Ct. 774, 78 L.Ed.2d 574 (1984) (noting that although a "historic kinship" exists between copyright and patent law, "fundamental differences" exist between copyright and trademark law: "We have consistently rejected the proposition that a similar kinship exists between copyright law and trademark law ...."); Sovereign Military Hospitaller Order of Saint John of Jerusalem of Rhodes & of Malta v. Florida Priory of Knights Hospitallers of Sovereign Order of Saint John of Jerusalem, Knights of Malta, Ecumenical Order, 702 F.3d 1279, 1291-92 (11th Cir. 2012) ("We have been admonished to exercise caution before importing standards from one area of intellectual-property law into another."); EMI Catalogue P'ship v. Hill, Holliday, Connors, Cosmopulos Inc., 228 F.3d 56, 63 (2d Cir. 2000) ("The Supreme Court has stressed that there are 'fundamental differences between copyright law and trademark law'," quoting Sony Corp.).

For these reasons Plaintiffs' motion to compel request number 16 is **DENIED**.

**Request No. 17:** All documents reflecting or evidencing any investigations performed by you or someone on your behalf concerning your purchase, sale or display of counterfeit products, or products bearing fake, false or infringing copyrights or trademarks, whether relating to Plaintiffs or any other third party.

**Response**: Value Pawn objects to this request and withholds production of requested documents because they are not relevant to the parties' claims and defenses. The request seeks documents involving products that do not bear plaintiffs' alleged trademarks. Subject to these objections, Value Pawn states that no documents exist that are within the scope of this request and related to plaintiffs' alleged trademarks.

**Discussion**: Defendant argues that there is no basis in the amended complaint to infer that "reports" involving third parties' trademarks would have caused it to know that the six pairs of sunglasses purchased by Plaintiffs' investigators were counterfeit. Assuming, arguendo, that is true, Plaintiffs' request is calculated to lead to the discovery of information showing Defendant's awareness of the requirements of the Lanham Act, and concern on its part that it may be purchasing, displaying and selling counterfeit merchandise. Accordingly, Plaintiffs' motion to compel a complete response to request number 17, insofar as it concerns trademarks, is **GRANTED**. Insofar as this request concerns copyrights, it is **DENIED**.

**Request No. 18:** All internal emails and/or correspondence, including electronic records concerning or related to any allegation regarding the purchase, sale or display of counterfeit products, or products bearing false, fake or infringing copyrights or trademarks.

**Response**: Value Pawn objects to this request and withholds production of requested documents because they are not relevant to the parties' claims and defenses. The request seeks documents involving products that do not bear plaintiffs' alleged

trademarks. Subject to these objections, Value Pawn states that no documents exist that are within the scope of this request and related to plaintiffs' alleged trademarks.

**Discussion**: The motion to compel this request is **DENIED** for the same reasons the Court denied the motion to compel request number 16.

**Request No. 19**: All communications between You and EZCORP, Inc. that refer or relate to the purchase, sale or display of counterfeit products, or products bearing fake, false or infringing copyrights or trademarks, whether relating to Plaintiffs or any other third party.

**Response**: Value Pawn objects to this request because it calls for the production of documents that not [sic] relevant to the parties' claims and defenses. The request seeks documents involving a non-party and conduct unrelated to this litigation. Subject to this objection, Value Pawn states that no documents exist that are within the scope of this request and related to plaintiffs' alleged trademarks.

**Discussion**: Defendant is a subsidiary of EZCORP (Doc. 28 at 7). Plaintiffs' amended complaint does not allege any wrongdoing by EZCORP, Inc. (Doc. 18). Still, Plaintiffs argue that the requested information should be produced because in 2015, EZCORP filed a Form 10-k in which it referred to itself and its subsidiaries as "we." (Id.). On this basis, Plaintiffs contends that EZCORP holds itself out as the operator of the pawn shops where the counterfeit sunglasses were sold (Id.). The Court is not persuaded. Use of "we" in the SEC filing is not sufficient to support a finding that EZCORP has held itself out as the operator of Defendant's pawn shops. Accordingly, Plaintiffs' motion to compel request number 19 is **DENIED**.

**Request No. 20**: All correspondence that You have received at any time concerning the purchase, sale or display of allegedly counterfeit products, or products

bearing false, fake or infringing copyrights or trademarks.

**Response**: Value Pawn objects to this request and withholds production of requested documents as they are not relevant to the parties' claims and defenses. The request seeks documents involving products that do not bear plaintiffs' alleged trademarks. Subject to these objections, Value Pawn states that no documents exist that are within the scope of this request and related to plaintiffs' alleged trademarks.

**Discussion**: The motion to compel this request is **DENIED** for the same reasons the Court denied the motion to compel request number 16.

**Request No. 21**: All documents reflecting or evidencing communications with, or actions by, any federal or state law enforcement agency regarding the purchase, sale or display of any of counterfeit products, or products bearing fake, false or infringing copyrights or trademarks.

**Response**: Value Pawn objects to this request and withholds production of requested documents as they are not relevant to the parties' claims and defenses. The request seeks documents involving conduct unrelated to this litigation and products that do not bear plaintiffs' alleged trademarks. Subject to these objections, Value Pawn states that no documents exist that are within the scope of this request and related to plaintiffs' alleged trademarks.

**Discussion**: Insofar as it concerns trademarks, this request is calculated to lead to the discovery of information showing Defendant's awareness of the requirements of the Lanham Act, and that it may be purchasing, displaying and selling counterfeit merchandise. Accordingly, Plaintiffs' motion to compel a complete response to request number 21 is **GRANTED**, insofar as it concerns trademarks. Insofar as this request concerns copyrights it is **DENIED**.

**Request No. 31:** A copy of your articles of organization, operating agreements, by-laws, resolutions, and all changes, amendments, supplements to any of the foregoing.

**Response:** Value Pawn objects to this request and withholds production of requested documents because they are not relevant to the parties' claims or defenses.

**Discussion:** Plaintiffs argue that this information is discoverable because corporate officers, shareholders and employees may be liable for the corporation's trademark infringement when they are moving, active, conscious forces behind the infringement (Doc. 28 at 9). But, Plaintiffs have not asserted that any individual is liable for the wrongs alleged in their amended complaint (Doc. 18). The information sought in this request is beyond the scope of the parties' claims and defenses and therefore, Plaintiffs' motion to compel this request is **DENIED**.

**Request No. 32**: Documents that identify all shareholders, nominees, beneficial owners, directors, shadow directors, secretaries since January 1, 2012.

**Response**: Value Pawn objects to this request and withholds production of requested documents because they are not relevant to the parties' claims or defenses. (Doc. 28 at 4-10).

**Discussion**: The motion to compel this request is **DENIED** for the same reasons the Court denied the motion to compel request number 31.

Defendant has 14 days from the rendition of this Order to produce the documents that have been compelled.

**DONE** and **ORDERED** in Orlando, Florida on October 17, 2016.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record

- 8 -