UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LUXOTTICA GROUP S.P.A. and
OAKLEY, INC.,

    Plaintiffs,

v.                                           Case No: 6:16-cv-729-Orl-18TBS

EZ PAWN FLORIDA, INC.,

    Defendant.
_____

## ORDER

This case comes before the Court without oral argument on Defendant's Motion to Compel Production of Documents (Doc. 33). Plaintiffs have filed a response in opposition to the motion (Doc. 36).

Plaintiffs manufacture, market and sell eyewear under the brand names Ray-Ban and Oakley (Doc. 18, ¶¶ 4, 6). Defendant operates retail pawn shops throughout the state of Florida from which it sells a broad range of largely secondhand goods (Doc. 31 at 1-2). Plaintiffs allege that between March and May 2016, investigators purchased fake Ray-Ban and Oakley sunglasses from four of Defendant's locations (Doc. 18 at 9-12). Plaintiffs' assert that the purchases "were inspected by Luxottica Group's Asset Protection Coordinator on behalf of Plaintiffs, who determined that all of the purchased sunglasses infringed Luxottica Group's and/or Oakley's trademarks" (Id.. at 12, ¶ 37). Plaintiffs bring this action for trademark infringement under the Lanham Act, 15 U.S.C. § 1125(a) (Doc. 18).

In the course of discovery, Defendant served Plaintiffs with document production requests and Plaintiffs responded. In its motion, Defendant asserts that Plaintiffs

improperly object and refuse to produce materials relevant to Plaintiffs' determination that the allegedly counterfeit sunglasses are in fact counterfeit; refuse to provide information relating to other sunglasses that they may have acquired from Defendant; and assert boilerplate privilege objections that fail to identify the materials withheld or otherwise permit assessment of Plaintiffs' claims of privilege. Upon review, the motion is **granted, in part** and **denied, in part**, as follows.

Request No. 7: All documents, including transaction forms that refer or relate to any other sunglasses that you and/or your investigators purchased at any Value Pawn business locations.

Response: Plaintiffs object to Defendant's request for documents unrelated to the claims at issue in this case. Plaintiffs also object to this Request on the grounds that it seeks information that is otherwise protected from disclosure by the attorney-client privilege or work-product doctrine.

Discussion: Defendant argues that the relevance objection is "boilerplate, and that the request seeks relevant information because "[t]he extent to which Plaintiffs obtained additional admittedly non-infringing sunglasses from Value Pawn's locations bears directly on the degree to which Plaintiffs can argue that Value Pawn acted willfully, as well as the extent to which an award of statutory damages could act as a deterrent." (Doc. 33 at 4). Further, "if the sale of allegedly counterfeit sunglasses constitutes only a minor portion of Value Pawn's sale of sunglasses that Plaintiffs have found to be genuine, this would reduce the potential deterrent effect of a statutory damages award." Id. Finally, Defendant notes that the cursory assertion of privilege is insufficient under Rule 26(b)(5)(A), Federal Rules of Civil Procedure.

Plaintiffs counter that the purchase of "any other" sunglasses at *any* of the 100 pawn shops Defendant operates throughout Florida is well outside the scope of discovery and that its investigations are protected by work product privilege.

As mentioned in an earlier Order (Doc. 32), the scope of discovery is certainly broad. Parties "may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." FED. R. CIV. P. 26(b)(1). The federal rules "strongly favor full discovery whenever possible." Farnsworth v. Procter & Gamble Co., 758 F.2d 1545, 1547 (11th Cir. 1985). Still, discovery must be relevant. "[R]equiring relevance to a claim or defense 'signals to the court that it has the authority to confine discovery to the claims and defenses asserted in the pleadings, and signals to the parties that they have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings.'" Builders Flooring Connection, LLC v. Brown Chambless Architects, No. 2:11CV373-MHT, 2014 WL 1765102, at *1 (M.D. Ala. May 1, 2014) (quoting GAP Report of Advisory Committee to 2000 amendments to Rule 26). "As the Advisory Committee Notes say, '[t]he Committee intends that the parties and the court focus on the actual claims and defenses involved in the action.'" Liese v. Indian River Cty. Hosp. Dist., 701 F.3d 334, 355 (11th Cir. 2012) (quoting the GAP Report).

Applied here, I agree with Plaintiffs that the request seeks production of documents that are unrelated, and therefore not relevant, to the actual claims and defenses at issue in this case. As the request is overbroad, the privilege objection is moot. The motion to compel request number 7 is **denied.**

**Request No. 9:** All original photographs of any other items purchased or examined by you and/or your investigators at any of Value Pawn's business locations.

**Plaintiffs' Response**: Plaintiffs object to Defendant's request for documents unrelated to the claims at issue in this case. Plaintiffs also object to this Request on the grounds that it seeks information that is otherwise protected from disclosure by the attorney-client privilege or work-product doctrine.

**Discussion:** As with request no. 7, this request is overbroad. Defendant has not shown the relevance of "any other items" purchased at any location. The motion to compel request number 9 is **denied.**

**Request No. 13:** To the extent not already produced, a copy of all manuals, policies, procedures, training materials, and manufacturing specifications that relate to whether the items described in the Complaint are counterfeit.

**Plaintiffs' Response**: Plaintiffs object to this request as being harassing and seeking information which is irrelevant and immaterial to the subject matter or issues in this action, and which is neither relevant nor likely to lead to the discovery of admissible evidence. Plaintiffs also object to this request on the grounds that it seeks trade secret and confidential information.

**Discussion:** Defendant argues that it is "clearly entitled to test the legitimacy of the conclusions reached by 'Luxottica Group's Asset Protection Coordinator,' who "determined that all of the purchased sunglasses infringed Luxottica Group's and/or Oakley's trademarks.'" (Doc. 33 at 6). I agree. This request, however, goes well beyond seeking the basis of the Coordinator's determination that the purchased sunglasses were fake, and seeks *all* documents pertaining to authenticity. As such, it is overbroad.

According to Plaintiffs' response, Plaintiffs have manuals and other documents which, by their very nature, contain confidential matters meant to safe-guard the marks and assist in anti-counterfeiting efforts. Moreover, Luxottica Group's expert John Stewart,

who is also Luxottica's Director of Intellectual Property Protection Americas, states that he did not rely upon or even review the Manuals in formulating his opinion regarding the counterfeit nature of the items at issue in this case (Doc. 36 at 11).

Defendant's motion to compel request no. 13 is **granted, in part and denied, in part.** Manuals or other materials that were not relied upon or reviewed in making this determination are not relevant and need not be produced. To the extent documents exist that *were* reviewed or relied upon by Plaintiff's investigator or Mr. Stewart in making this determination and which have not already been produced, these items are properly discoverable, and shall be produced.

Request No. 23: To the extent not already produced, all internal emails and/or correspondence, including electronic records, concerning your investigation of any other potentially counterfeit item sold or located in any Value Pawn location.

Plaintiffs' Response: Plaintiffs object to Defendant's request for documents unrelated to the claims at issue in this case. Plaintiffs also object to this Request on the grounds that it seeks information that is otherwise protected from disclosure by the attorney-client privilege or work-product doctrine.

Discussion: For the reasons set forth above with respect to requests 7 and 9, this request is similarly overbroad. Defendant has not shown the relevance of "any other item" purchased at any location. The motion to compel request number 23 is **denied**.

Request No. 28: All sunglasses that you purchased from any Value Pawn business location, including the sunglasses described in the Amended Complaint.

Plaintiffs' Response: Plaintiffs object to Defendant's request for documents or items unrelated to the claims at issue in this case. Plaintiffs also object to this Request on the grounds that it seeks information that is otherwise protected from disclosure by the

attorney-client privilege or work-product doctrine. As set forth in Plaintiffs' Initial Disclosures, Plaintiff will make available for inspection at a mutually agreed upon time and location the counterfeit sunglasses that are identified in the Amended Complaint.

**Discussion:** For the reasons set forth above with respect to requests 7 and 9, this request is similarly overbroad. Defendant has not shown the relevance of "all sunglasses" purchased at any location. The motion to compel request number 28 is **denied**.

**Request No. 29**: All documents, including internal emails and/or correspondence, relating to your decision to target pawn shops (including Value Pawn) for purposes of investigating the sale of potentially counterfeit sunglasses bearing your alleged trademarks.

**Plaintiffs' Response**: Plaintiffs object to this Request on the grounds that it seeks information that is otherwise protected from disclosure by the attorney-client privilege or work-product doctrine.

**Discussion:** Defendant contends that the assertion of privilege is "boilerplate" and, because Plaintiffs failed to invoke a sufficient claim of privilege, the objection should be overruled. I do not agree. While Plaintiffs did not describe the nature of the privileged documents withheld or produce a privilege log, as required, the request so plainly runs afoul of the work product privilege that it would be inappropriate to imply a waiver under these circumstances. The motion to compel response to request no. 29 is **denied.**

**Request No. 30:** Documents sufficient to identify any litigation in which you have been a party that involved the trademarks identified in the Complaint.

**Plaintiffs' Response:** Plaintiffs object to this Request because it seeks information which is irrelevant and immaterial to the subject matter or issues of this action and which is neither relevant nor likely to lead to the discovery of admissible evidence. Plaintiffs also

object to this request because it is overly broad and unduly burdensome in that it requires Plaintiffs to create and compile documents in the public record that are equally accessible to the defendants.

**Discussion:** Defendant contends that these materials are relevant to the issue of defensive collateral estoppel; are narrowly tailored to suits involving the trademarks at issue here; and production is not burdensome as Plaintiffs should have "ready access" to this "simple list' of prior litigation. Plaintiffs counter that collateral estoppel is an affirmative defense which has not been pled; they are "unaware of any adjudication that is adverse" to their rights with respect to these trademarks; and the documents sought are public records equally accessible to all and, therefore, Plaintiffs should not be compelled to perform defense counsel's legal research.

Discovery requests seeking identification of prior lawsuits involving the party or matter at issue are staples of any litigation, for obvious reasons. Thus, the relevancy objection is not well taken.[1] Nor am I persuaded that a request to identify the suits is overly burdensome for Plaintiffs. Indeed, according to the Declaration of Mr. Groppe, such a search has already been performed. See Doc. 36-2, ¶12. Therefore, to the extent the request is interpreted as calling *only* for production of this "simple list," the motion to compel request no. 30 is **granted**.[2]

Plaintiffs have 14 days from the rendition of this Order to produce the documents that have been compelled.

---

[1] Plaintiffs' assertion that they are unaware of any adverse adjudication is beside the point. Defendant is entitled to discover the existence of such prior litigation and reach its own conclusions.

[2] Discovery requests seeking this information are usually propounded in the form of an interrogatory, not, as here, a request for production. As Defendant has clarified that it seeks just the list of lawsuits, and not any other document, I have reviewed this request as if it were an interrogatory.

**DONE** and **ORDERED** in Orlando, Florida on November 21, 2016.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record